NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In the Matter of the Estate of:

JOHN LAWRENCE FAIRBANKS, II, *Deceased*

JOHN L. FAIRBANKS, III, et al., *Plaintiffs/Appellants*,

*v.*

EVA M. FAIRBANKS, *Defendant/Appellee*.

No. 1 CA-CV 18-0295
FILED 2-19-2019

Appeal from the Superior Court in Maricopa County
No. PB2015-001496
The Honorable Aryeh D. Schwartz, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Murphy Law Firm, Inc., Phoenix
By Thomas J. Murphy
*Counsel for Plaintiffs/Appellants*

Bert L. Roos, P.C., Phoenix
By Bert L. Roos
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

---

**C R U Z**, Judge:

¶1        Appellants John Fairbanks, III and Jonathan Fairbanks appeal the entry of summary judgment in favor of Eva Fairbanks.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2        The underlying facts are undisputed.  John Fairbanks, II ("Decedent") died on May 1, 2015.  He is survived by his wife, Eva Fairbanks, and his sons from previous marriages, John Fairbanks, III and Jonathan Fairbanks ("the sons" or "Appellants").  Decedent married Eva in November 2001.  In November 2002, Decedent received retirement funds in the amount of $239,597.98 and elected to rollover the funds into an individual retirement account (the "annuity").  Prudential issued the annuity, which identified Decedent as the annuitant and owner and designated Eva as the beneficiary.

¶3        In October 2012, Decedent attempted to modify the annuity beneficiary designation to name "Papa's Trust" as the new primary beneficiary, and John Fairbanks, III and Jonathan Fairbanks as contingent beneficiaries.  However, on October 22, 2012, Prudential notified Decedent that without documentation of divorce or his spouse's death, it was unable to process the request without Eva's signature as the existing primary beneficiary.  In 2013, Eva filed for divorce, but it was never finalized. Decedent died approximately two years later.

¶4        Eva filed an application for formal appointment as personal representative of Decedent's estate.  The sons objected and filed Decedent's will and trust with the superior court.  The sons moved for summary judgment, arguing the superior court should divide the annuity funds according to community property principles.  Eva filed a cross-motion for summary judgment; she contended the annuity funds should be distributed to her as the designated beneficiary.

¶5   The superior court denied sons' motion for summary judgment and granted Eva's cross-motion for summary judgment, ruling Eva was the sole beneficiary of the annuity. John Fairbanks, III and Jonathan Fairbanks timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

I.   Standard of Review

¶6   We review the superior court's grant of summary judgment *de novo. Great Am. Mortg., Inc. v. Statewide Ins. Co.*, 189 Ariz. 123, 125 (App. 1997). We review the facts and inferences therefrom in the light most favorable to the party against whom judgment was entered. *Id.* at 124. Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Orme Sch. v. Reeves*, 166 Ariz. 301, 305 (1990). We may affirm the superior court's judgment on other grounds if we determine the superior court reached the right result. *Chandler Med. Bldg. Partners v. Chandler Dental Grp.*, 175 Ariz. 273, 278 (App. 1993).

II.   Non-Probate Transfer

¶7   Appellants argue the superior court erred by applying contract law and enforcing the annuity's beneficiary designation. They also argue that community property law applies, and therefore, Decedent's estate is entitled to a community property share of the annuity. We disagree.

¶8   Non-probate transfers of certain assets at death, including individual retirement accounts, are non-testamentary. A.R.S. § 14-6101. Section 14-6101(A) states, "[a] provision for a nonprobate transfer on death in any insurance policy, . . . account agreement, custodial agreement, deposit agreement, compensation plan, pension plan, individual retirement plan, employee benefit plan, . . . or other written instrument of a similar nature is nontestamentary." Section 14-6101(B)(1) broadly defines other types of written instruments that are non-testamentary, namely those where "[m]oney . . . due to, controlled by or owned by a decedent before death shall be paid after the decedent's death to a person whom the decedent designates either in the instrument or in a separate writing."

¶9   Here, the annuity is a non-testamentary, non-probate transfer because it meets the statutory definition of an individual retirement plan in A.R.S. § 14-6101(A). *See In re Estate of Lamparella*, 210 Ariz. 246, 248 n.1, ¶ 10

(App. 2005) (defining non-probate transfers as assets transferred outside of probate such as insurance proceeds, payable on death accounts, and other revocable dispositions). Also, the annuity is a non-probate, non-testamentary transfer pursuant to § 14-6101(B)(1) because the annuity is a writing that provides Decedent's funds would be paid to the designated beneficiary after his death.

¶10 It is undisputed that Eva Fairbanks is the named beneficiary. It is also undisputed that Decedent took no further action to name Appellants as contingent beneficiaries after receiving the notice from Prudential that it could not proceed without Eva's signature. *See, e.g.*, *In re Jones' Estate*, 10 Ariz. App. 480, 482 (1969) ("Where the estate of the decedent is not the designated beneficiary the proceeds of a [non-testamentary transfer] do not become a part of the estate of the insured and a beneficiary under [a non-testamentary transfer] takes by virtue of the contract . . . rather than by the laws of succession.") (citations omitted).

¶11 The superior court correctly determined that, according to the terms of the annuity, Eva was the named beneficiary and granted her cross-motion for summary judgment. Accordingly, the superior court did not err by awarding the full annuity proceeds to Eva.

III. Community Property

¶12 Appellants also contend that "community property concepts should govern the terms of distribution." Appellants rely upon the language in Prudential's notice to Decedent that it could not change his beneficiary designations without Eva's signature. Appellants also rely on *In re Estate of Kirkes*, 231 Ariz. 334, 335 (2013), to argue that "community property law has to be considered when determining who the rightful beneficiaries are." Further, they assert that Eva waived her rights to the annuity when she did not list the annuity account in the community property declaration Eva submitted in conjunction with her divorce petition. We disagree.

¶13 It is undisputed that Decedent was married to Eva at his death. Additionally, even though divorce proceedings had been initiated there is no evidence in the record that Eva and Decedent entered into a property settlement agreement. Further, the parties do not dispute that Eva is named the annuity's primary beneficiary and Appellants produced no evidence Decedent ever took further action to change the beneficiary after receiving Prudential's letter denying his beneficiary change request. The evidence on which Appellants rely—the failure to list the annuity in her

community property declaration for her divorce petition—had so little probative value that a court could not reasonably conclude by a preponderance of the evidence that Eva had waived her rights as the primary beneficiary of the annuity. Moreover, filing for divorce alone did not revoke the beneficiary designation; instead, a court order is required. *See* A.R.S. § 14-2804(A)(1)(a) ("a court order or a contract relating to the division of the marital estate made between a divorced couple . . . revokes any revocable [d]isposition or appointment of property made by a divorced person to that person's former spouse").

**¶14** The case on which Appellants rely is also inapposite. *Kirkes* held that a spouse may designate to a non-spouse beneficiary more than one-half of a community property retirement account so long as the other spouse receives half of the community overall. 231 Ariz. at 337, ¶ 14. This case does not further our annuity disposition analysis because Decedent did not designate a non-spouse beneficiary to the annuity account.

**¶15** The superior court correctly held Eva did not waive her beneficiary designation. Ultimately, there are no community property issues because Eva was the annuity's only beneficiary at Decedent's death.

IV.     Eva's Request for Attorneys' Fees on Appeal

**¶16** Eva requests an award of attorneys' fees on appeal pursuant to A.R.S. § 14-3720. In response, Appellants argue Eva is not entitled to fees because their positions are reasonable and well-founded.

**¶17** The record provided to this court indicates that Eva is not the personal representative of Decedent's probate estate. Section 14-3720 awards estate litigation expenses to a personal representative who prosecutes or defends claims against the estate in good faith. Accordingly, Eva is not entitled to attorneys' fees. We do, however, grant Eva's request for costs incurred on appeal as the successful party upon compliance with ARCAP 21.

## CONCLUSION

¶18      For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA